**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
REBECCA SMITH,

                      Plaintiff,                      **ORDER**

              -against-                  **23-CV-9944 (LAK) (JW)**

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY *et al.*,

                      Defendant.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On April 2nd, Plaintiff filed a letter seeking "discovery into communications between Megan Lee, Esq., counsel for Defendant Port Authority of New York and New Jersey, and Christina Callahan, Director of Human Resources for Defendant Port Authority of New York and New Jersey." Dkt. No. 27. Plaintiff alleges that "Ms. Lee directed Ms. Callahan to speak with Plaintiff about Plaintiff's legal claims, while knowing that Plaintiff was represented by counsel, in an effort to force her to withdraw her legal claims." Id. Plaintiff argues that "any privileged information that might have existed between Ms. Lee and Ms. Callaghan was waived when the legal department for Defendant Port Authority directed Ms. Callaghan to speak with Plaintiff…" Id.

On April 5th, Defendants objected to the request, asserting "these communications are protected by the attorney-client privilege inasmuch as I am the attorney for the Port Authority and Ms. Callahan is a representative of the agency and the need for full and frank communications between us is the underlying purpose

of the attorney-client privilege." Dkt. No. 28 (citing Upjohn Co. v. United States, 449 U.S. 383, 389 (1981).

In general, a party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice. See In re County of Erie, 473 F.3d 413, 419 (2d Cir. 2007). The communications between Ms. Callahan, the representative of the Defendant agency, and the agency's attorney, Ms. Lee, are (1) communications between client and counsel, (2) that were intended to be and have so far been kept confidential, and (3) were made in the context of preparing to defend against a lawsuit from Plaintiff, and thus were "made for the purpose of obtaining or providing legal advice." See In re County of Erie, 473 F.3d at 419. The communications are therefore privileged. The only question then is whether the privilege was waived.

A party may waive the privilege if (1) a client testifies concerning portions of the attorney-client communication, (2) when the client places the attorney-client relationship directly at issue, or (3) when a client asserts reliance on an attorney's advice as an element of their defense. In re County of Erie, 546 F.3d 222, 228 (2d Cir. 2008). Plaintiff alleges none of these.

Plaintiff only accuses Defendants' counsel of constructively violating Rule of Professional Conduct 4.2 (the "no contact" rule) which forbids an attorney's *ex parte* discussion with a represented party. See generally Velez v. Novartis Pharm. Corp., No. 04-CV-9194(CM), 2010 WL 339098 (S.D.N.Y. Jan. 26, 2010). That rule "does not

prohibit a represented party from reaching out directly to another represented party about ongoing business the two have—so long as the communication is not done at the behest or direction of counsel." See In re Turquoise Hill Resources Ltd. Securities Litigation, No. 20-CV-8585 (LJL), 2021 WL 2201388, at *4 (S.D.N.Y. June 1, 2021).

Here, Plaintiff offers nothing beyond conjecture and speculation that Ms. Callahan contacted Plaintiff at the behest of Ms. Lee. Moreover, it is worth noting that Defendants' counsel, as an officer of the Court, denies the allegation, claiming that she "did not direct Ms. Callahan to communicate with Plaintiff about settling her legal claims." Dkt. No. 28 at 2. Thus, the Court cannot conclude that Ms. Lee violated Rule 4.2.

Even if Ms. Lee had violated Rule 4.2, a waiver of Defendants' privilege is not the appropriate remedy. In the case cited by the Plaintiff, Scott v. Chipotle, the Court never deemed the consequence of a violation of Rule 4.2 to be a waiver of attorney-client privilege. Rather, in Scott v. Chipotle, the court only prevented the use of the declaration solicited by the other side's attorney, noting that the aim was to "place the parties in the position they were at before the unauthorized communication occurred." Scott v Chipotle, 12–CV–08333 (ALC)(SN), 2014 WL 4852063 (S.D.N.Y. 2014). No waiver of attorney-client privilege was found.

Here, Plaintiffs do not allege that an improper release of claims was secured or that the City seeks to use any document created as a result of any alleged forbidden communication. The Plaintiffs are, in effect, already in the same position they would

have been in had the allegedly unauthorized attorney communication never taken place.

Therefore, since the requested discovery is privileged, Plaintiff alleges no specific facts that would justify a waiver, and Defendants have adequately denied violating Rule 4.2, Plaintiff's request is DENIED. However, Plaintiff has leave to refile should any new information come to light suggesting that Defendants' counsel, did, in fact, engage in any prohibited conversations with the Plaintiff.

SO ORDERED.

DATED:   New York, New York
         April 12, 2024

*Jennifer E. Willis*
_____
JENNIFER E. WILLIS
United States Magistrate Judge