UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
REBECCA SMITH,

                      Plaintiff,                         **ORDER**

        -against-                       **23-CV-9944 (LAK) (JW)**

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY and MARY LEE
HANNELL,

                      Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Plaintiff Rebecca Smith ("Plaintiff") filed the instant motion to compel discovery from defendants Port Authority of New York and New Jersey ("Port Authority") and Mary Lee Hannell ("Hannell") (collectively "Defendants"). Dkt. No. 41. In Plaintiff's motion, she seeks the following from Defendants:

- "[A]ll documents related to any investigation into Plaintiff's complaints of discrimination" from defendant Port Authority. Dkt. No. 41, at 4.

- "Complete and accurate production of documents" from defendant Hannell. Id.

- "Complete and accurate responses to Plaintiff's First Set of Interrogatories." Id.

For the following reasons, Plaintiff's motion is GRANTED in part and DENIED in part.

# DISCUSSION

## I. "[A]ll documents related to any investigation into Plaintiff's complaints of discrimination" from defendant Port Authority.

On September 18, 2022, Plaintiff made a formal complaint about age discrimination to her employer, Defendants. Dkt. No. 1, at 4. On November 9, 2023 Plaintiff filed the instant action. Id. Between September 18, 2022 and November 9, 2023, Port Authority retained outside counsel to investigate Plaintiff's September 18, 2022 complaint of discrimination. Dkt. No. 41, at 3. Plaintiff now seeks an order from the Court compelling Port Authority to disclose the document produced by outside counsel at the conclusion of their in the investigation.[1]

To support her request, Plaintiff makes several arguments. Plaintiff first explains the Gibbons report's relevance. Dkt. No. 41, at 4. One defense to a discrimination action is the affirmative defense known as the Faragher-Ellerth[2] defense. Id. It is a complete defense if the employer can establish that "the employer exercised reasonable care to prevent and correct any discriminatory behavior." Id. (citing Koumoulis v. Independent Financial Marketing Group, Inc., No. 10-CV-887 (VMS), 295 F.R.D. 28, 36 (E.D.N.Y. 2013)). Plaintiff claims Port Authority raises this affirmative defense in their answer which claims they investigated Plaintiff's complaints of discrimination and relied upon that investigation to "conclude that no

---

[1] The parties describe the document as the "Gibbons report," which the Court will adopt. Dkt. No. 43, at 2; Dkt. No. 46, at 2.

[2] Faragher v. City of Boca Raton, 524 U.S. 775, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998).

discrimination had taken place and that no further action to prevent discrimination was necessary." Id. Therefore, Plaintiff argues that the use of the Faragher-Ellerth defense makes the documents relating to the investigation of Plaintiff's complaints, specifically the Gibbons report, discoverable. Id. In response, Port Authority argues that they did not waive privilege by relying on outside counsel's investigation "in its defense of this action" because they are not presenting a Faragher-Ellerth defense. Dkt. No. 43, at 5.

Second, Plaintiff argues that although this investigation was done by outside counsel, the Gibbons report is not privileged because the investigation's purpose was a "fact-finding investigation" done "months in advance of any litigation," and not "an investigation for the purposes of legal conclusion." Dkt. No. 41, at 4-5. (citing Prince v. Madison Square Garden, L.P., No. 04-CV-8151 (RWS), 240 F.R.D. 126, 128 (S.D.N.Y.,2007) (materials relating to employer's internal investigation generated before purpose of investigation shifted to mounting legal defense, were not protected by work product privilege)). In response, Port Authority argues that it retained outside counsel to "provide legal advisory services in connection with the detailed and factually voluminous complaint filed by Plaintiff," and given this purpose, the Gibbons report is protected by attorney-client privilege. Dkt. No. 43, at 4.

Lastly, Plaintiff argues that if the Gibbons report was privileged, that privilege was waived because defendants did not follow the necessary procedures under Fed. R. Civ. Pro. 26(b)(5)(A) and L. Civ. R. 26.2 to assert that it was privileged. Dkt. No. 41, at 5-6. In response, Port Authority argues that they were "careful not to waive"

3

attorney-client privilege because Plaintiff knew of the Gibbons report from the "outset of this litigation" and not being listed on a privilege log is immaterial because only "flagrant" violations of rules can result in waiver of privilege. Dkt. No. 43, at 6.

Based upon the parties' submissions the Court orders Port Authority to provide Plaintiff with the Gibbons report, but not correspondence between Port Authority and outside counsel concerning the report. Although Port Authority does not expressly mention the Faragher-Ellerth defense in their answer, Port Authority provided two affirmative defenses that imply it: (1) Port Authority raises "equal employment opportunities to all" and "has maintained no policy or practice of discrimination;" and (2) Port Authority was justified in taking "those actions it thought necessary with respect to Plaintiff's employment." Dkt. No. 46, at 3 (citing Dkt. No. 25, at 13.). Defendants could only have come to this conclusion after reading the Gibbons report based on the investigation into Plaintiff's claim of discrimination. Therefore, by putting the Gibbons report at issue, any claim of privilege is waived. See Mitura v. Finco Services, Inc., No. 23-CV-2879 (SDA), 739 F.Supp.3d 231, 236 (S.D.N.Y., 2024) (Employer's assertion of so-called Faragher-Ellerth defense waived attorney-client privilege only with respect to employer's investigation of employee's discrimination complaint.); Barbini v. First Niagara Bank, N.A., No. 16-CV-7887 (JCM), 331 F.R.D. 454, 460 (S.D.N.Y. 2019) ("When an employer puts the reasonableness of an internal investigation at issue by asserting the Faragher [-] Ellerth defense, the employer waives any privilege that might otherwise apply to documents concerning that investigation."). Additionally, the purpose of the Gibbons report was for Port

4

Authority to internally investigate the Plaintiff's complaint, long before the instant case was filed. See Prince, 240 F.R.D. at 128 (Documents that are not prepared in anticipation of litigation are not protected by work product privilege).

## II. "Complete and accurate production of documents" from defendant Hannell.

According to Plaintiff, Hannell has not produced any documents and initially claimed that no documents existed. Dkt. No. 41, at 6. However, disclosures from Port Authority included responsive emails from Hannell's account. Id. Plaintiff argues that, despite following up with Hannell, Plaintiff has not received any documents from Hannell. Id., at 7. Plaintiff also asks for attorneys' fees for this motion to compel. Dkt. No. 45, at 2.

Hannell makes several arguments in response. First, Hannell asks the Court to dismiss the motion to compel because Plaintiff failed to follow the Court's individual rules and the Federal Rules of Civil Procedure, specifically by failing to meet and confer in good faith first before seeking court intervention. Dkt. No. 42, at 4 (citing Individual Practices in Civil Cases, The Honorable Jennifer E. Willis (May 2024), § II.A; Fed. R. Civ. P. 37(a)(1)). Hannell claims that Plaintiff never contacted her counsel to "request a date certain for the production of documents." Id. Second, Hannell claims the motion to compel is moot because she had agreed to produce documents and would have "further explained the basis for her objections" to the interrogatories and specific document requests. Id.

Based on the parties' submissions Plaintiff's motion to compel Hannell and for attorneys' fees is dismissed without prejudice both for failing to follow the Court's rules and for mootness given Hannell's agreement to produce the documents. Hannell is ordered to produce the documents no later than July 25, 2025.

### III. "Complete and accurate responses to Plaintiff's First Set of Interrogatories" from both defendants.

Plaintiff seeks an order from the Court compelling Defendants to respond to a set of initial interrogatories. Dkt. No. 41, at 8.

**Interrogatory one**: Identify each and every person who, at any time, assumed Plaintiff's job responsibilities and include that person's age, gender, and salary.

**Interrogatory two**: Identify the salary associated with the failure to promote as alleged in paragraph 74 of the Amended Complaint.

**Interrogatory three**: Identify who crafted the role for Plaintiff as alleged in paragraph 74 of the Amended Complaint.

**Interrogatory four**: Explain the change in Plaintiff's salary over the course of her employment.

**Interrogatory five**: Identify every instance in which Plaintiff received a performance award but not receive the maximum performance award available to her.

<u>Id.</u> Plaintiff argues that "there is not one substantive answer" to the interrogatories despite being fully compliant with the Southern District of New York's local rules concerning interrogatories. <u>Id.</u> (citing L. Civ. R. 33.3(a)).

In response, Port Authority argues that Plaintiff's motion to compel should be dismissed for several reasons. First, Plaintiff failed to meet and confer before seeking judicial intervention, as required by the local rules. Dkt. No. 43, at 7. Second, their responses were appropriate because Plaintiff's interrogatories go beyond the permitted scope of Local Civil Rule 33.3(a) and are untimely contention interrogatories. <u>Id.</u> Hannell's response overlaps with Port Authority's second argument. Dkt. No. 42, at 4-5.

Local Rule 33.3(a) states that "at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."

The Court grants Plaintiff's motion to compel in part. The Court will address each interrogatory individually and in order.

With regards to interrogatory one, the Court modifies Plaintiff's request. Defendants are to simply identify "each and every person who, at any time, assumed Plaintiff's job responsibilities" as this comports with Local Rule 33.3(a) and provides

7

Plaintiff the "names of witnesses with knowledge of information relevant to the subject matter of the action."

With regards to interrogatory two, Defendants are to "identify the salary associated with the failure to promote as alleged in paragraph 74 of the Amended Complaint," as this comports with Local Rule 33.3(a) and provides Plaintiff "the computation of each category of damage alleged."

With regards to interrogatory three, Defendants are to "identify who crafted the role for Plaintiff as alleged in paragraph 74 of the Amended Complaint," as this comports with Local Rule 33.3(a) and provides Plaintiff the "names of witnesses with knowledge of information relevant to the subject matter of the action."

With regards to interrogatory four, Defendants are to provide an explanation of how Plaintiff's salary changed "over the course of her employment," specifically as to its calculation, as this comports with Local Rule 33.3(a) and provides Plaintiff "the computation of each category of damage alleged."

With regards to interrogatory five, Defendants are to "identify every instance in which Plaintiff received a performance award but did not receive the maximum performance award available to her," as this comports with Local Rule 33.3(a) and provides Plaintiff "the computation of each category of damage alleged."

## CONCLUSION

For the aforementioned reasons, Plaintiff's motion to compel is GRANTED in part and DENIED in part. The Court reminds the parties of their obligation to meet and confer in good faith before seeking any further judicial intervention.

SO ORDERED.

DATED:   New York, New York
         June 23, 2025

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge